# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| PAUL FLICK, | CASE NO. 3:22-cv-00039 |
| *Plaintiff*, | |
| v. | MEMORANDUM OPINION & ORDER |
| ROBERT STERLING, | |
| *Defendant*. | JUDGE NORMAN K. MOON |

Defendant Robert Sterling has moved to transfer this action to the U.S. District Court for the Northern District of Illinois. Defendant asserts that transfer is warranted since the underlying facts, parties and claims overlap with those in pending litigation in that Federal District Court in Illinois. This Court agrees. Because transferring this case would promote the interests of justice and judicial economy, and on balance the other relevant factors support the transfer, the Court will grant Defendant's motion.

Background

This case originated in Albemarle County Circuit Court. Dkt. 1-1 ("Compl."). Plaintiff Paul Flick filed suit against Defendant Robert Sterling, alleging one count of defamation. *Id.* at p. 15. Plaintiff is the CEO of Premium Franchise Brands, "a home services franchise business with approximately ten subsidiary brands that it licenses to franchisees around the country." *Id.* ¶ 6. One of those home service franchisees is "360 Painting."[1] *Id.* Defendant contracted with 360

---

[1] The Complaint refers to the company as both "Painting 360" and "360 Painting." Compl. ¶¶ 6–8. The Court will refer to the company as "360 Painting," which appears to be more often used.

Painting to operate one of its franchises. *Id.* ¶ 7. Plaintiff alleges that Defendant's business "intentionally underreported" his sales, which resulted in "artificially depress[ed]" franchise fees Defendant owed to 360 Painting. *Id.* ¶ 8. Plaintiff alleges that Defendant thereafter "abandoned the franchise," and that "the agreement between the two companies was terminated." *Id.*

Plaintiff alleges that Defendant subsequently "began a campaign of harassment" trying to damage Plaintiff that "has continued for years and stretched across multiple media platforms," including content posted to a website Defendant created, Defendant's personal Facebook page and other social media platforms. *Id.* ¶ 9. According to Plaintiff, "[a]lthough many of [Defendant's] rants have come close to defamation, [Defendant] had not definitely stepped over the line until March 8, 2022." *Id.* ¶ 10. On that date, Plaintiff contends that Defendant wrote a post on his personal Facebook page which falsely conveyed that Plaintiff had improperly secured Paycheck Protection Program (or "PPP") loans for Premium Service Brands to which it was not entitled. *Id.* ¶ 11. Plaintiff alleges that this post and Defendant's responses to comments to that post were false and defamatory, and damaged Plaintiff's reputation both in Albemarle County and in Virginia, more broadly. *Id.* ¶¶ 11–29. Page one of the complaint states that "[t]his is a defamation claim brought by [Plaintiff] against [Defendant] for the publication of a false and defamatory Facebook post," specifically identifying "[t]he statements published by [Defendant] on March 8, 2022," as defamatory. *Id.* ¶¶ 1, 31.

Defendant removed the case to this Court on the basis of diversity of citizenship jurisdiction. Dkt. 1. In addition, Defendant filed a motion to transfer this case to the Northern District of Illinois, which motion has been fully briefed. Dkts. 9, 11, 14. Defendant attached to his motion to transfer a complaint filed in the Northern District of Illinois, which is the subject of much of the briefing. Dkt. 9-1 ("Ill. Compl.").

In August 2020, in the Northern District of Illinois, the plaintiff 360 Painting, LLC filed an amended complaint against Defendant Robert Sterling, as well as R Sterling Enterprises, Inc. *See id.* In that complaint, the plaintiff challenged the defendants' "repeated[ ] and systematic[ ]" underreporting of income and resulting underpayment of franchise fees. *Id.* ¶ 1. The plaintiff alleged that the defendants had breached their franchise agreement, committed fraud, unlawfully "continued to operate a competing business, to unlawfully access and use 360 Painting, LLC's confidential and proprietary information and trade secrets, and to attempt to undermine 360 Painting, LLC's franchised system through libel and interference with 360 Painting, LLC's business expectancies." *Id.* The plaintiff brought numerous claims arising out of the business relationship between the former-franchisor and franchisee, *see* Ill. Compl. ¶¶ 27–72: (1) breach of the franchise agreement, (2) breach of guaranty, (3) fraud, (4) negligent misrepresentation, (5) "tortious interference with prospective economic advantage," (6) libel, (7) trade secret misappropriation, and (8) a federal claim, alleging violation of the "Defend Trade Secret Act," 18 U.S.C. §§ 1832 *et seq.* The libel claim, which is mentioned in the parties' briefing on the motion to transfer, specifically referenced alleged defamatory "mass email[s]" that Defendants sent "to all 360 Painting franchisees," as well as the establishment of a public Facebook group, "Why Not 360 Painting and Paul Flick." Ill. Compl. ¶ 54. Although the claim did qualify that those statements were "just by way of example …." *Id.*

<u>Applicable Law</u>

28 U.S.C. § 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Deciding whether to transfer requires a two-part analysis. First, the court must

3

determine whether the proposed venue is a forum in which the complaint could have been brought.[2] *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). Second, the court weighs certain factors in considering whether the convenience of the parties and witnesses and the interest of justice warrant transfer. These include: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). The movant bears the burden of showing that transfer is warranted. *Funkhouser v. Admin. Comm. of Pilgrim's Pride Ret. Sav. Plan*, No. 5:12-cv-5, 2012 WL 2415550, at *3 (W.D. Va. June 26, 2012); *Bascom Res., LLC v. Facebook, Inc.*, No. 1:12-cv-1111, 2012 WL 12918407, at *1 (E.D. Va. Dec. 11, 2012). The decision whether to transfer a case is committed to the district court's discretion. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) ("Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness." (Citation omitted)).

Analysis

*Plaintiff's Choice of Forum*

The first factor is the weight afforded the plaintiff's choice of venue. *Plumbing Servs., Inc.*, 791 F.3d at 444. A plaintiff's choice of venue is generally entitled to substantial weight for purposes of determining whether transfer is appropriate. *Id.* That is especially true when the chosen venue is the plaintiff's home forum or bears a substantial relation to the claims at issue in the case. *Heinz Kettler GmbH v. Razor USA, LLC*, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010).

---

[2] In this case, it is undisputed that this case could have been brought in the Northern District of Illinois, the parties only argue whether, upon consideration of the applicable factors, the Court should transfer the action there. *See* Dkts. 11, 14.

Here, Plaintiff is a resident of Albemarle County and domiciled in Virginia, Compl. ¶ 2; Dkt. 9 at 1; Dkt. 11 at 1–2, and resides in the Western District of Virginia. Nor is there any dispute that the company that was the subject of Defendant's alleged defamatory comment, Premium Service Brands—where Plaintiff is the CEO—maintains its principal office in Charlottesville. *See* Dkt. 9 at 2; Dkt. 11 at 1. Plaintiff has also alleged that venue is proper because the alleged defamatory comments were "published to and directed at an Albemarle County audience and the damages were felt in Albemarle County." Compl. ¶ 4; *id.* ¶ 29 (alleging Defendant's publication damaged Plaintiff's reputation in Albemarle County). Accordingly, since Plaintiff chose to bring suit in his home forum and further given those connections of the home form to the defamation alleged in the case, the Court will afford Plaintiff's choice of venue substantial weight. *See Plumbing Servs., Inc.*, 791 F.3d at 444.[3]

*Witness Convenience and Access*

The next factor is witness convenience and access. The party asserting witness inconvenience "has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." *Heinz Kettler GmbH & Co.*, 750 F. Supp. 2d at 668 (quoting *Koh*, 250 F. Supp. 2d at 636). Defendant argues that witness convenience weighs in favor of transfer. Dkt. 9 at 4. In support of that assertion, Defendant writes that "all of [his] currently anticipated witnesses are located in Illinois." *Id.* Defendant further asserts that "[his] franchise of 360 Painting was located in Will County, Illinois, within the Northern District of

---

[3] Defendant argues that Plaintiff's home jurisdiction should be afforded "minimal" weight because Plaintiff "has already filed an action [in Illinois federal court] that includes a libel claim not unlike the defamation claim filed in this Court." Dkt. 9 at 4. However, the Court concludes that the significance of the pending Illinois litigation is more appropriately considered with respect to the fourth (interest of justice) factor.

Illinois," and that "[m]any of [his] statements reference his experience as a franchisee of an Illinois 360 Painting location." *Id.* Plaintiff argues that Defendant could have introduced more evidence supporting the materiality of the testimony of witnesses, to assist the Court in deciding whether Illinois is a more convenient forum for witnesses. Dkt. 11 at 4–5. And to be sure, Defendant could have introduced more evidence to substantiate this argument. *See Heinz Kettler GmbH & Co.*, 750 F. Supp. 2d at 669 ("The inconvenience to these witnesses is accorded little weight in the transfer analysis because Kettler International has failed to provide specific details regarding how each witness's testimony will be material and non-cumulative."). However, the Defendant's assertion that all of his witnesses are anticipated to be in Illinois is not lacking in substance, especially given Defendant's position as a former Illinois franchisee of 360 Painting, and given his assertion that his statements referenced his experience as a franchisee of an Illinois 360 Painting location. And notably, Plaintiff has not even argued, much less substantiated an argument, that Virginia would be a more convenient forum for witnesses. Dkt. 11 at 4–5. Instead, Plaintiff merely asserts that Defendant should have introduced more evidence to support its position as to this factor. *Id.* Accordingly, while the Court will afford this factor relatively little weight in its transfer analysis, the Court does credit Defendant's position that, on balance, the witness convenience factor would be greater served if the Court transferred the case to Illinois.

*Convenience to the Parties*

The third factor concerns convenience to the parties. Courts have explained that, when a plaintiff files suit in their home forum, "convenience of the parties rarely, if ever, operates to justify a transfer." *Heinz Kettler GmbH & Co.*, 750 F. Supp 2d. at 668. In any event, "transfer is not appropriate when it will merely serve to shift the balance of inconvenience from one side to another." *Nuvotronics, LLC v. Luxtera, Inc.*, No. 7:13-cv-478, 2014 WL 1329445, at *5 (W.D.

6

Va. Apr. 2, 2014). Defendant argues that transferring the case to Illinois would be more convenient to the parties because he resides there and Plaintiff "has already demonstrated that the Northern District of Illinois is a convenient forum for him based on his commencement of the Illinois Action." Dkt. 9 at 4. The Court credits Defendant's point that it would be more convenient for *him* to litigate the case in Illinois, as he resides there—a point that Plaintiff does not dispute, Dkt. 11 at 5. However, the Court must also consider if it would be convenient, or *more convenient*, for Plaintiff to litigate in Illinois rather than here, since transfer is not proper merely to shift the burden of inconvenience from one side to another. And on that issue, there is good reason to think that it would not be as inconvenient for Plaintiff to litigate in Illinois, as it would be for Defendant to litigate in Virginia. After all, 360 Painting has already filed an action against Defendant (and R Sterling Enterprises, Inc.), in the Northern District of Illinois. In addition, Plaintiff admitted that he is a member (and at one time, apparently the sole member) of Premium Service Brands, LLC, which in turn is the parent company and sole member of 360 Painting. Dkt. 14 at 3–4. The Court also notes that while Plaintiff contends that the Court may "presum[e]" it is inconvenient for him to litigate in Illinois, Dkt. 11 at 5, that presumption would be undermined to some extent by the prior litigation Plaintiff's company initiated against Defendant in Illinois. This factor also weighs slightly in favor of transfer.

*Interests of Justice*

Besides the presumption in favor in favor of Plaintiff's choice of forum, the Court considers the interests-of-justice factor to be the most pertinent to this case. Defendant argues, with some force, that the "interests of justice and judicial economy," as well as avoiding the risk of "inconsistent evidence and inconsistent judgments," support transferring this case to Federal court in Illinois. Dkt. 14 at 5. Defendant further contends that there is 'no reason to burden the jurors" of both districts with "*substantially similar* litigations in two U.S. district courts." *Id.* at 6

(emphasis added). The Court concludes this factor to be the most significant and that it weighs heavily in favor of transfer. It is clear based on Plaintiff's claim in this case that his current allegations "contains facts and issues in common" with the action pending in the Northern District of Illinois, and thus, "in light of the preference for judicial economy, it is in the interest of justice to transfer this case" to the Northern District of Illinois, "where that court will be most familiar with the differences" between the two cases. *See Funkhouser*, 2012 WL 2415550, at *5; *see also Samsung Elecs. Co., Ltd. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 721–22 (E.D. Va. 2005) (holding that "where a party has previously litigated a case involving similar issues and facts, a court in that district will likely be familiar with the facts of the case," and "[a]s a matter of judicial economy, such familiarity is highly desirable"). To be sure, the Northern District of Illinois action is largely based upon the break-down of the franchise relationship between Plaintiff and Defendant, and this action is one for libel. However, much of the complaint in this case rests upon factual allegations concerning the break-down of the relationship between the parties, and all of that factual development, and any related witnesses, would likely be the same. There is also a libel claim in the Northern District of Illinois, and while the precise alleged libelous language is different, and certainly some proof regarding truthfulness of the alleged libelous statements will be different, these alleged libelous statements are based upon largely overlapping facts underlying this action as well as that in Illinois. This factor strongly supports transfer.

Accordingly, for these reasons, Defendant's motion to transfer will be and hereby is **GRANTED**. Dkt. 9.

It is so **ORDERED**.

The Clerk of Court is directed to send this Memorandum Opinion & Order to counsel of record. The Clerk of Court is directed to send a certified copy of this Memorandum Opinion & Order to the Clerk's Office of the Northern District of Illinois, Eastern Division, with reference to a potential related case to *360 Painting, LLC v. R Sterling Enters., Inc. & Robert Sterling*, No. 1:20-4919 (N.D. Ill.), and to effectuate transfer of any CM/ECF filings in this docket.

ENTERED this __29th__ day of September, 2022.


NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE